tion pursuant to CPLR 4404 (a) and setting aside the jury verdict of no cause of action as against the weight of the evidence. The standard for determining whether a jury's verdict is against the weight of the evidence is whether " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746). In this case, a fair interpretation of the evidence supports the jury's finding that defendant was not negligent. Although defendant may have had actual notice of a puddle of liquid created by a broken bottle in defendant's store, there was credible evidence that the puddle existed for no longer than 5 to 10 minutes before defendant's employee began mopping it up, and, while he was mopping it, plaintiff Bridget Wesolek slipped in the puddle. Thus, the alleged absence of "wet floor" signs or barricades around the puddle does not render the jury's verdict against the weight of the evidence (*cf., Van Stry v State of New York*, 104 AD2d 553, 554). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Set Aside Verdict.) Present— Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.

■ CAROL BARONE, Appellant, v ST. JOSEPH's VILLA, Respondent. (Appeal No. 1.) [679 NYS2d 870] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present— Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.

■ CAROL BARONE, Appellant, v ST. JOSEPH's VILLA, Respondent. (Appeal No. 2.) [679 NYS2d 782] —Order unanimously reversed on the law with costs, motion for summary judgment denied and complaint reinstated. Memorandum: Plaintiff commenced this action to recover for personal injuries that she sustained in a fall while participating in a "challenge" course owned by defendant. Supreme Court granted defendant's motion for summary judgment dismissing the complaint based on a release signed by plaintiff before she was injured and, upon reargument, adhered to its determination. On appeal, plaintiff contends that the release is unenforceable under General Obligations Law § 5-326 and cannot be construed to bar a claim alleging defendant's negligence.

General Obligations Law § 5-326 does not apply to this case because defendant is not the owner or operator of a "pool, gymnasium, place of amusement or recreation, or similar establishment" (General Obligations Law § 5-326; *see, Lago v Krollage*, 78 NY2d 95, 101; *Gross v Sweet*, 49 NY2d 102, 107;